IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS  CRIMINAL NO. 1:03cr84-WJG-JMR
CIVIL ACTION NO. 1:05cv308-WJG-JMR

TINA PHAN

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Tina Phan's motion [62-1] to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

Tina Phan pleaded guilty to counts one and two of the indictment on May 18, 2004. (Ct. R., Doc. 48.) As part of her negotiated plea agreement, Phan waived her right to appeal the conviction/sentence or the manner in which it was imposed. (Ct. R., Doc. 63, pp. 4-5.) In addition, she waived her right to contest the conviction/sentence in a post conviction proceeding or by a section 2255 motion. (*Id*., p. 4.) Phan was sentenced to 46 months imprisonment, 2 years supervised release, a $50,000 fine and a $100.00 special assessment. (Ct. R., Doc. 56.) On August 6, 2004, the Court entered its Judgment of conviction. (Ct. R., Doc. 58.) An amended judgment entered reduced Phan's term of imprisonment was reduced to 41 months. (Ct. R., Doc. 59.)

Phan asserts that her sentence should be vacated based on the assertion that the sentence was illegally enhanced under *United States v. Booker,* 543 U.S. 220, (2005), and *Blakely v.*

*Washington,* 542 U.S. 296 (2004).  (Ct. R., Doc. 62, pp. 8-14.)  As previously stated, Phan entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of her right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 63, p. 4.)  A defendant may, as part of a plea agreement, waive the right to appeal, *United States v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir. 2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-4 (5th Cir. 1994).  As Phan does not contest the validity of the waiver, the Court finds that Phan waived her right to file the instant motion.

Even so, both of Phan's arguments regarding her sentence pre-*Booker* and *Blakely* lack merit.  The Fifth Circuit has expressly addressed consideration of *Booker* and *Blakely* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court.  The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.*  The same is true with respect to *Apprendi* and *Blakely*.  In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review."  125 S.Ct. at 769 (emphasis added).  The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule.  *Tyler,* 533 U.S. at 666.  To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review.  *See Schriro v. Summerlin,* 542 U.S. 348, (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see United States v. Gentry*, 432 F.3d 600, 602-605 (5th Cir. 2005) (holding that *Booker* does not apply retroactively to initial section 2255 motions). Simply put, *Booker* and *Blakely* are not retroactively applicable on collateral review, and Phan's arguments to the contrary are without merit. Consequently, the Court finds that Phan's motion to vacate pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED AND ADJUDGED that Phan's motion to vacate [62-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 1st day of May, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE